Complex

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2013 JAN 10 AM 10: 45

CLERK OF COURT

BY: _____

PEOPLE OF GUAM,  )  Traffic Court Case. No.#1C00-724087
)
vs.  )
)  DECISION AND ORDER
Gabriel H. T. LAU  )  (Dismissal Guam Fire Code Citations)
Defendant.  )
)

This matter came on for bench trial on January 8, 2013 before the HONORABLE SENIOR JUDGE PRO TEMPORE ELIZABETH BARRETTT-ANDERSON under the Uniform Summons and Citation complaint #0724087, citing the Defendant with violation of the International Fire Code "IFC 503.4 Block Fire Access." The Defendant pled not guilty and requested a trial. The Attorney General was notified of the hearing but did not appear. A representative of the Guam Fire Department, GFD Officer Apiag, appeared. Defendant appeared pro se. This Court sua sponte dismissed the case and this decision follows.

In People v. Hill Hai Hong Xu Traffic Case No. IC00#724609 (2012) the Court[1] held that a violation of the Guam Fire Code is a misdemeanor offense. 10 GCA §73110. As a criminal offense the matter must be prosecuted by the Attorney General's Office. 5 GCA §30109(a). Absence of the Attorney General at trial to prosecute the case is grounds for dismissal of the criminal citation.

The criminal nature of a fire code violation is puzzling when viewed against Traffic Court Rules which relegates citations to a court of non-record. As a court of non-record there are no verbatim recorded minutes of courtroom proceedings, although handwritten minutes are kept by the courtroom clerk. As such a defendant's criminal appeal rights are unprotected in the absence of record criminal proceedings. Traffic Court Rules (TCR), Rule 2. See 7 GCA

---

[1] Decision and Order, Magistrate Judge Alberto E. Tolentino, December 28, 2012.

§2102(a). An appeal from a Traffic Court conviction is "on the merits de novo" to the Superior Court of Guam. TCR, Rule 17. This raises double jeopardy issues if the citation is criminal in nature. Even more puzzling is the inconsistent criminal nature of a fire code violation with TRC Rule 2 which requires the Traffic Court judge to transmit any fire code violation where the fine exceeds five hundred dollars ($500.00) to "the Superior Court of Guam for re-assignment as a *civil case*." (emphasis added) Last, but not least, a misdemeanor conviction carries a one (1) year maximum term of incarceration with a maximum $1,000.00 fine; yet TRC Rule 2 limits the jurisdictional term of incarceration for any Traffic Court citation to a maximum of sixty (60) days, with a maximum fine of $3,000. Is it criminal, or is it civil? The inconsistencies are irreconcilable.

This Court can only abide by statute which makes a violation of any provision of Chapter 73, Title 10 Guam Code Annotated, wherein the Guam Fire Code[2] is referenced, a misdemeanor violation, and hence the appearance of the Attorney General's Office is mandated.

For the foregoing reasons, and in the absence of the Attorney General's Office appearance, this citation is DISMISSED without prejudice.

Further, it is the ORDER of this Court that the Traffic Violations Bureau (TVB), Courts & Ministerial Division of the Superior Court of Guam cease and desist from accepting Uniform Summons and Citation complaints based on violations of any section of the International Fire Code until such time as these inconsistencies between the statute and rule are resolved.

SO ORDERED: JAN 1 0 2013

_____
**HON. ELIZABETH BARRETT-ANDERSON**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JAN 1 0 2013

_____
Deputy Clerk, Superior Court of Guam

_____

[2] Public Law 30-199 replaced the Uniform Fire Code of Guam with *the International Fire Code* ("IFC") 2009 Edition, with appendices. It further made all fees adopted under the Uniform Fire Code applicable to the IFC.